WILLIE HOLLESEN AND CAROLYN HOLLESEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hollesen v. Commissioner
Docket No. 8803-76.
United States Tax Court
T.C. Memo 1979-269; 1979 Tax Ct. Memo LEXIS 251; 38 T.C.M. (CCH) 1058; T.C.M. (RIA) 79269; July 23, 1979, Filed *251 Held, (1) petitioners are not engaged in the leasing of their motor home for profit as provided by sec. 183, I.R.C. 1954; (2) petitioners' automobile expense and meals and lodging deductions determined; (3) sec. 6653(a), I.R.C. 1954, penalty not imposed. Noran L. Davis, for the petitioners. J. Anthony Hoefer, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, *253 Judge: Respondent determined the following deficiencies in petitioners' Federal income tax: Additions to Tax
Year
Deficiency
Sec. 6653(a)
1973
$1,568.43
$78.42
1974
$1,541.96
$77.10
The issues for decision are: (1) Whether petitioners held their motor home primarily for profit and thereby are entitled to a depreciation allowance and business expense deductions in excess of the income earned from leasing it; (2) whether petitioners have sufficiently substantiated the business expense deductions they claimed on their 1973 and 1974 returns for automobile expenses and for meals and lodging; and (3) whether any part of the underpayments of tax for the taxable years 1973 and 1974 was due to petitioners' negligence or intentional disregard of the rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Willie (hereinafter petitioner) and Carolyn Hollesen, husband and wife, resided in Council Bluffs, Iowa, when they timely filed their 1973 and 1974 joint Federal income tax returns with the Internal Revenue Service Center at Kansas City, Missouri, and when they filed their petition in this case. *254 They were cash basis taxpayers. Subsequent to the taxable years at issue, the Hollesens were divorced. Petitioner is a self-employed long distance truck driver who owns his own tractor and trailer which has been leased to Little Audrey Transportation Company since 1968. He made weekly runs from Council Bluffs, Iowa, to Los Angeles, California, during 1973 and 1974. He routinely left Council Bluffs on Friday nights and made his deliveries to Los Angeles on Sunday mornings. After loading his trailer in Salinas, California, late on Monday afternoon, he would make his delivery in Des Moines, Iowa, either late on Tuesday nights or early on Wednesday mornings before returning to his home in Council Bluffs on Thursday. Due to his schedule, petitioner was generally home only on Thursday nights and during the day on Fridays. In 1973 and 1974, he deducted $2,880 and $3,440, respectively, as business expenses he incurred for his meals and lodging while on these runs. On Fridays, petitioner spent the day maintaining and making repairs on his tractor and trailer. He used one of his automobiles for obtaining parts and servicing materials. In 1973 and 1974, he deducted $1,440 and $1,800, *255 respectively, for automobile expenses resulting from these trips. In the Fall of 1972, the Hollesens purchased a used 24-foot Winnebago motor home. Title to the motor home was in the names of both petitioner and his wife. Both parties were licensed to drive the motor home. They obtained insurance for the motor home with coverage appropriate for the purpose of commercial leasing. Petitioner's wife, Carolyn, had commercial leases drawn up for leasing the motor home so that the Hollesens could earn extra income. Her efforts in leasing the motor home included informing the Winnebago Company that the vehicle was available for rental and placing a "For Rent" sign in the vehicle's front window. The motor home was parked in front of the Hollesens' residence which was located on a heavily traveled highway. Motorists could see the vehicle and the "For Rent" sign posted in its front window approximately 300 feet from the property. Carolyn handled the rentals of the motor home exclusively by dealing with the renters and by handling the execution of the lease contracts. The rental rate was $40 per day plus $.10 per mile or $200 per week plus $.10 per mile. The gross rental receipts *256 from the motor home shown on the Hollesens' returns were as follows: Year
Gross Rents
1973 $200
1974 $555
The business expense and depreciation deductions claimed by them with respect to the motor home exceeded their receipts from the vehicle during the taxable years at issue. On October 5, 1973, the odometer of the motor home registered mileage of 3,137 and on November 22, 1974, it registered mileage of 34,160. Between October 5, 1973 and November 22, 1974, the motor home was driven 31,023 miles. The rental contracts covering the leasing of the motor home show that during 1973 and 1974, based on the vehicle's odometer readings entered on the contracts, renters used it as follows: Date of Contract
Miles Driven
3-16-73
unknown
10-5-73
529
7-3-74
519
8-11-74
2,165
9-12-74
542
11-1-74
1,343
11-22-74
134
Total
5,232
Claiming the leasing of the motor home was not an activity engaged in for profit, respondent denied petitioner's depreciation deductions and reduced his business expense deductions to the extent they exceeded income earned from such leasing activity during the respective years of 1973 and 1974. He further denied *257 petitioner's deductions for automobile expenses for failure of substantiation and reduced the meals and lodging deductions to $6.50 per day on the same grounds. Finally, respondent imposed a penalty on the underpayment for negligence or intentional disregard of the rules and regulations. OPINION We must determine the following issues: (1) whether the Hollesens were holding their motor home for a profit and thereby are entitled to a depreciation allowance and to business expense deductions in excess of the income derived from the leasing activity, (2) whether they are entitled to deductions for automobile expenses and for meals and lodging in excess of that which respondent has allowed in his notice of deficiency; and (3) whether the 5 percent penalty provided by section 6653(a)[1] should be imposed on their underpayment of tax. Issue 1. Activity Engaged in For Profit
Petitioner contends that he purchased the motor home with the intent of leasing ic and making a profit. He claims, accordingly, that he is entitled to a depreciation allowance and to deductions for the expenses arising from *258 the leasing of the motor home even though these deductions exceeded the income derived from such leasing activity. Respondent argues that the evidence does not support petitioner's contention and therefore he is entitled to neither a depreciation allowance nor deductions in excess of the income derived from his leasing the motor home as provided by section 183. We agree with respondent. Section 162(a) provides a deduction for ordinary and necessary expenses paid or incurred in carrying on a trade or business. Section 212(2) permits a deduction for all ordinary and necessary expenses paid or incurred for management, conservation, or maintenance of propery held for production of income. Depreciation deductions are permitted under section 167 for property held for the production of income or for use in a trade or business. No deduction is permitted under any of these provisions unless the primary intention and motivation in holding the property was to make a profit. Jasionowski v. Commissioner,66 T.C. 312, 321 (1976); Johnson v. Commissioner,59 T.C. 791, 814 (1973); *259 Adirondack League Club v. Commissioner,55 T.C. 796, 809 (1971). After 1969, an activity not engaged in for profit is governed by section 183. Section 183(c) defines an "activity not engaged in for profit" as an activity other than one for which deductions are allowable under section 162 or section 212(1) or (2).When an activity is not engaged in for profit, section 183(b) allows deductions, which are allowable without regard to whether an activity is engaged in for profit, but only to the extent of gross income from the activity. The existence of an overriding profit motive is a question of fact and must be determined on the basis of the facts and circumstances in each case. The test under section 183 is not whether the taxpayer's intention and expectation of profit is reasonable but whether such intention and expectation is bona fide. Golanty v. Commissioner,72 T.C. No. 39 (1979); Benz v. Commissioner,63 T.C. 375, 383 (1974); Bessenyey v. Commissioner,45 T.C. 261, 274 (1965), affd. 379 F. 2d 252 (2d Cir. 1967), *260 cert. denied 389 U.S. 931 (1967). The Commissioner has promulgated regulations under section 183 which set forth nine separate factors to consider in making a profit-motive determination. Sec. 1.183-2(b)(1)-(9), Income Tax Regs. In applying an objective standard, however, these enumerated factors are neither exclusive nor necessarily controlling. Petitioner has the burden of proving the requisite profit motive. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner has not met this burden. The controlling factor in arriving at our decision was the mileage attributed to the leasing activity. The leases, which petitioner submitted into evidence, show that of the 31,023 miles registered on the odometer between October 5, 1973 and November 22, 1974, only 5,232 miles were directly related to petitioner's leasing activity. Petitioner claims that he was unable to find in his house any other leases from the period at issue. He testified that his former wife had been responsible for the bookkeeping, thereby suggesting that there were more leases executed in 1973 and 1974 than those which were *261 submitted.No other evidence was offered, however, to show whether the 25,791 unaccounted for miles were attributable to profit-making activity or to the Hollesens' personal use of the motor home. Petitioner did disclose that he had a heavy work schedule leaving him little time for recreation. However, petitioner's wife had a license to drive the motor home and no evidence was presented showing that the unaccounted for miles were not attributable to her personal use of the vehicle. Given that only 5,232 miles of the 31,023 miles registered on the odometer of the motor home over a period in excess of a year during the taxable years at issue was attributable to the leasing activity, we are unable to find that petitioner held the motor home primarily for profit. The Hollesens appeared to have leased the motor home merely to reduce the costs of their personal recreational use of the vehicle. Since petitioner was not holding the motor home primarily for profit, he is only entitled to the deductions respondent allowed to the extent of the $200 and $555 petitioner earned from leasing the motor home in 1973 and 1974, respectively. For the same reason, he is not entitled to a depreciation *262 allowance. Issue 2. Automobile and Meals and Lodging Expense Deductions
Respondent has denied petitioner's automobile expense deductions in the amounts of $1,440 and $1,800 for 1973 and 1974, respectively, due to petitioner's failure to substantiate them. Respondent has also reduced petitioner's deductions for meals and lodging while away from home from $12 and $16 per day for 1973 and 1974, respectively, to $6.50 per day for both years. Petitioner claims respondent's disallowance of the deductions was arbitrary and capricious and that, since none of the claimed expenditures for meals and lodging were more than $25, documentary evidence is not required. Section 162(a) allows a deduction for ordinary and necessary expenses paid during the taxable year in carrying on a trade or business. Petitioner has the burden of proving that the amount of automobile expenses deducted was paid in carrying on a trade or business. Section 274(d) provides that deductions are not allowed under section 162 for any travel expense, including meals and lodging while away from home, unless the expenses *263 are substantiated by records or sufficient evidence corroborating the taxpayer's statement of the amount, time, place and business purpose of the expense. Adequate substantiation means an account book, diary, statement of expense or similar record, and documentary evidence, which, in combination, are sufficient to establish each item of expenditure. Sec. 1.274-5(c), Income Tax Regs. These regulations have been upheld as valid. Sanford v. Commissioner,50 T.C. 823 (1968), affd. per curiam 412 F. 2d 201 (2d Cir. 1969). Petitioner was engaged in the truck driving business. He testified that he used one of his automobiles on a weekly basis to obtain parts and servicing materials for maintaining his tractor and trailer. Petitioner was a credible and forthright witness. We believe petitioner's deductions for autombile expenses should not be disallowed entirely. He is entitled to some allowance for these expenses. The record is vague as to distances and petitioner kept no records. Therefore, it is necessary under the rule of Cohan v. Commissioner,39 F. 2d 540 (2d Cir. 1930), to make a close approximation, *264 bearing heavily against petitioner "whose inexactitudes are of his own making." Applying the rule, we conclude that petitioner is entitled to deductions of $720 and $900 for automobile expenses in 1973 and 1974, respectively. As to the deductions for meals and lodging, however, we must sustain the respondent. Petitioner kept no records with respect to the cost of his meals and lodging in 1973 and 1974. Contrary to petitioner's argument, the regulations do not dispense with the recordkeeping requirement for expenditures of less than $25 except for the need of keeping receipts. Section 1.274-5(c)(2)(iii)(b), Income Tax Regs. Petitioner testified that he spent about $70 for food on his weekly round trips to the west coast. Petitioner's uncorroborated testimony, however, is insufficient for us to allow him deductions for meals and lodging. Absent adequate substantiation, we are without authority to make some approximation under the so-called Cohan rule. See Sanford v. Commissioner,supra.Petitioner is entitled to deduct only the $6.50 *265 per day, or $1,560 and $1,397.50 for 1973 and 1974, respectively, allowed by respondent in his notice of deficiency. Issue 3. Negligence Penalty. Respondent imposed the 5 percent negligence penalty under section 6653(a) for petitioner's understatement of income. He claims petitioner was negligent in failing to keep adequate records with respect to business expense deductions. Petitioner has the burden to establish that the underpayment was not "due to negligence or intentional disregard of rules and regulations." Enoch v. Commissioner,57 T.C. 781, 802 (1972); Courtney v. Commissioner,28 T.C. 658, 669 (1957). On the basis of this record, we believe that petitioner's errors were made due to an honest misunderstanding of the facts and the law. See Wesley Heat Treating Co. v. Commissioner,30 T.C. 10, 26 (1958); Wofford v. Commissioner,5 T.C. 1152, 1166-67 (1945). While good faith does not always negate negligence, American Properties, Inc. v. Commissioner,28 T.C. 1100, 1116 (1957), it is *266 our opinion that no part of petitioner's deficiencies for 1973 and 1974 was due to negligence or intentional disregard of rules and regulations. Accordingly, respondent should not have imposed the penalty. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩